AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case



**FILED**

FEB 2 3 2011

CLERK, US DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

PETER D. DUNN

Defendant.

Case Number:   2:10CR00154-003

USM Number:   94655-004

Defendant's Attorney:  Larry Dash, Esq.

# JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18 USC 371 | Conspiracy to Defraud the United States | Felony | April 2008 | 1 |

On motion of the United States, the Court has dismissed the remaining count of the Indictment.

As pronounced on February 22, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the special assessment imposed by this judgment is fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 2 3 day of _____February_____ 2011.

_____/s/_____

Jerome B. Friedman
Senior United States District Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case                                                    Page 2 of 6
    Sheet 2 - Imprisonment

| Case Number: | 2:10CR00154-003 |
| Defendant's Name: | PETER D. DUNN |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FOURTEEN (14) MONTHS.

The defendant shall surrender for service of the sentence at the institution designated by the United States Bureau of Prisons before 10:00 am on March 25, 2011, as notified by the United States Marshal.  If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal's office designated by the United States Marshal before 10:00 am on March 25, 2011.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3 of 6

---

Case Number:     2:10CR00154-003
Defendant's Name:     PETER D. DUNN

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by T.18 USC 3563(a)(5). However, this does not preclude the Probation Office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number:          2:10CR00154-003
Defendant's Name:     PETER D. DUNN

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall pay for the support of his children in the amount ordered by any division of child support enforcement or court of competent jurisdiction.

2) The defendant shall not be self-employed in any capacity that involves submitting bids or performing government contract work.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

Case Number:      2:10CR00154-003
Defendant's Name: PETER D. DUNN

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|        | Count | Assessment | Fine | Restitution |
|--------|-------|------------|------|-------------|
|        | 1     | $100.00    | $0.00 | $0.00      |
| TOTALS: |      | $100.00    | $0.00 | $0.00      |

# FINES

No fines have been imposed in this case.

# RESTITUTION

No restitution has been imposed in this case.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Page 6 of 6

| Defendant's Name: | PETER D. DUNN |
| Case Number: | 2:10CR00154-003 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

Since this judgment imposes a period of imprisonment, payment of the monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.